SOCIETY FOR SAVINGS v. BOARD OF COM'RS OF PRATT COUNTY. ÆTNA LIFE INS. CO. v. BOARD OF COM'RS OF SEWARD COUNTY SAME v. BOARD OF COM'RS OF MEADE COUNTY. NATIONAL LIFE INS. CO. v. BOARD OF COM'RS OF HASKELL COUNTY.

(Circuit Court, D. Kansas, S. D.    September 13, 1897.)

Nos. 624, 629, 626, and 668.

COUNTIES—REFUNDING INDEBTEDNESS—COUNTY **WARRANTS.**

Under the Kansas statute authorizing counties to refund all matured and maturing indebtedness, counties have authority to refund county warrants, as well as other indebtedness, without referring the matter to a vote of the people. Howard v. Kiowa Co., 73 Fed. 406, applied.

These were four suits, brought, respectively, against the defendant counties, upon past-due coupons cut from refunding bonds issued by said counties.

J. T. Herrick and Rossington, Smith & Dallas, for plaintiff Society for Savings.

Bentley & Hatfield, for plaintiff Ætna Life Ins. Co.

Bentley & Hatfield and J. T. Herrick, for plaintiff National Life Ins. Co.

S. S. Ashbaugh, for defendants Board of Com'rs of Pratt Co., Board of Com'rs of Meade Co., Board of Com'rs of Seward Co., and Board of Com'rs of Haskell Co.

WILLIAMS, District Judge. These are all actions at law, and are upon past-due coupons detached from bonds issued by the various counties sued upon, and the bonds from which the coupons are detached are all of the class denominated "refunding bonds," issued by the various counties. The court is constrained to say that all the questions in these cases have been passed upon by this court, and by the circuit court of appeals of this district; and I know of nothing that I can say that will add anything to or detract from the decision by this court of the case of Howard v. Kiowa Co., 73 Fed. 406, in which every phase of the law as applicable to the refunding bonds issued by counties in the state of Kansas was passed upon, and not only by this court, but by the circuit court of appeals of this district. So, with all due deference to the very learned counsel who have made a vigorous, able, and lawyer-like defense in these cases, I am of the opinion that there is but one question in all the cases that has not been clearly passed upon, and that is the question solely as to whether counties, under the laws of the state of Kansas, have the right to refund the warrants of the county that had been previously issued, without referring the proposition to refund them to a vote of the people. The language of the statute is that they have the right to refund all matured and maturing indebtedness, and the question raised by the learned counsel for the defense is that county scrip is not the kind of indebtedness referred to in this act. I fail to see any difference between an indebtedness of the county, passed upon by the board of county commissioners, or the proper officers to pass upon any claim against the county, as evidenced by the solemn issuance of a writing signed by the proper officers, to which is affixed the seal of the county, and which calls upon the treasurer of the county to pay at sight to the bearer a certain amount of money, and a bond of the county executed by the same officers. As has been said very aptly by counsel for one of the plaintiffs in these cases, they are both evidences of indebtedness; and I fail to see any logic or reasoning that places one evidence of indebtedness in any different attitude or condition or light from the other. In fact, I think that this question has been well settled by the courts heretofore. In the case heretofore referred to (Howard v. Kiowa Co.), the court used this language:

"And the funding of warrants is often essential to the prosperity of the county. They become so numerous that they are greatly depreciated in value. Everything furnished to the county is upon the basis of the actual value of the warrants, necessitating the creation of a large debt for the purchase of trifling commodities. Under these circumstances, the only salvation lies in funding a portion of them, so that the remainder may gain something like their face

value, and the business of the county may no longer be transacted upon the basis of a ruinous discount."

I can add nothing to this language to convey the idea that the laws of the state of Kansas permitting county commissioners to refund the indebtedness of the counties authorizes the refunding of warrants, as has been done in these cases. This being the case, the court is content to let the matter, so far as it is concerned, rest on the adjudications it has heretofore made in like cases. There should be a verdict and judgment in all the cases for the plaintiffs.